**UNITED STATES of America, Appellee,**

v.

**Carl Turner MOCK et al., Appellants.**

**UNITED STATES of America, Appellant,**

v.

**1,472.0 ACRES OF LAND, etc., et al., Appellees.**

**Nos. 72–2068, 72–2069.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1973.

Decided April 5, 1973.

Prof. Eugene F. Mooney, University of Ky. School of Law, Lexington, Ky., for appellants in No. 72–2068 and for ap-in No. 72–2069.

Robert L. Klarquist, Atty., U. S. Dept. of Justice (Kent Frizzell, Asst. Atty. Gen., Leigh B. Hanes, Jr., U. S. Atty., Birg E. Sergent, Asst. U. S. Atty., and George R. Hyde, Atty., U. S. Dept. of Justice, on brief), for appellee in No. 72–2068 and for appellant in No. 72–2069.

Before RUSSELL and FIELD, Circuit Judges, and BRYAN, District Judge.

DONALD RUSSELL, Circuit Judge:

On July 23, 1969, the United States filed a Declaration of Taking for, and paid into the District Court the estimated value of, certain lands in Washington County, Virginia, which were being acquired as a part of the Mount Rogers National Recreation Area. At the time of the taking, Eunice B. Mock and Annette B. Mock each owned an undivided one-half interest in the land being taken. On August 29, 1969, Annette B. Mock executed deeds to a portion of her share of the lands in favor of the appellees. The appellees were then permitted by the District Court, over the objection of the Government, to intervene in the condemnation proceedings. It was the position of the appellees in their petition to intervene that the Declaration of Taking was ineffective and title in the property did not pass to the Government until it took actual possession,[1] which was subsequent to the time Annette B. Mock had executed her deeds to the appellees. The

---

1. *See* United States v. Dow (1958), 357 U.S. 17, 78 S.Ct. 1039, 2 L.Ed.2d 1100.

appellees accordingly asserted that as owners of an interest in the land at the time the Government acquired title by possession, they were entitled to receive fair value for their interest in the property being taken. The District Court sustained their right to compensation for their interest and referred to Commissioners under the terms of Rule 71A, Federal Rules of Civil Procedure, 28 U.S.C., the fixing of fair compensation for the appellees. The District Court, however, reduced on subsequent hearing the compensation found due the appellees as the fair value of their interests as fixed by the Commissioners, and gave judgment for the amount determined by it to be fair value in favor of the appellees. Both the Government and the appellees-intervenors have appealed. The Government appeals from the order allowing the appellees to intervene and the order granting them judgment in the proceedings; the appellees assail the District Court's reduction in the award as made them by the Commissioners.

We reverse.

██ The vital issue in the appeal is the validity of the Declaration of Taking. It is well settled—and the appellees do not seriously argue otherwise—that, if the Declaration was valid under the provisions of Section 258a, 40 U.S.C., title to the property in question passed to the Government on July 23, 1969 (Travis v. United States, Ct.Cls.1961, 287 F.2d 916, 919, 152 Ct.Cl. 739, cert. denied 368 U.S. 824, 82 S.Ct. 42, 7 L.Ed.2d 28; United States v. 12 Tracts of Land, Comprising 50.07 Acres, D.C.N.C.1967, 268 F. Supp. 125, 143), and the deeds thereafter executed by Annette B. Mock to the appellees were ineffective either as conveyances (since the grantor no longer was the owner) or as a partial assignment of the claim of Annette B. Mock to compensation, because in violation of the Assignment of Claims Act [2] (United States v. Dow, 1958, 357 U.S. 17, 20–21, 78 S.Ct.

1039, 2 L.Ed.2d 1109). The ground on which the appellees predicate their attack on the Declaration is that it does not comply with the requirement, as stated in Section 258a, that the Declaration shall contain "a statement of the authority under which and the public use for which said lands are taken." Specifically, they contend the lands were taken for inclusion in the Mount Rogers National Park, and that, though they concede the Government had the statutory power to condemn for inclusion in such Park, the Declaration did not identify the Act creating the Park as its authority for the taking.[3] On the other hand, the Declaration did identify as its authority both the Appropriations Act providing the funds for the acquisition of property for inclusion in the Park, and other Acts related to but not directly identified with the Park.

██ We are of the opinion that the attack on the Declaration is without merit. It has been uniformly held that "the statutory authorization to procure real estate may be evidenced by the making of an appropriation as well as by a specific authorization to acquire." Polson Logging Co. v. United States (9th Cir. 1947) 160 F.2d 712, 714. *See also,* United States v. Kennedy (9th Cir. 1960) 278 F.2d 121, 122. Moreover, the fact that the Declaration, though based on the correct legislative appropriation authority, referred to inaccurate substantive enabling legislative authorization would be unimportant, if there was in fact valid substantive enabling statutory authority for the taking. United States v. Certain Lands in the County of Fairfax (1953) 345 U.S. 344, 348, 73 S.Ct. 693, 97 L.Ed. 1061; United States v. Catlin (7th Cir. 1953) 204 F.2d 661, 663, aff'd. 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911. As we have already observed, the appellees concede there is valid enabling legislative authority in the Government to acquire land for the purpose intended here.

2. 31 U.S.C. § 203.

3. Mount Rogers National Recreation Area Act of 1966, Public Law 89–438, 80 Stat. 180, 16 U.S.C. §§ 460r to 460r5.

Since the Declaration of Taking was valid, the District Court was in error in allowing intervention by the appellees and in making any award in their favor. The order allowing intervention and the judgment awarded the appellees should be vacated.

Reversed and remanded with instructions.